# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

AZIZ AZMI JAMALEDDIN,

                  Petitioner,

    v.

J.A. YATES, Warden

                  Respondent.

_____/

1:10-cv-01095-LJO-DLB (HC)

FINDINGS AND RECOMMENDATION
REGARDING PETITION FOR WRIT OF
HABEAS CORPUS

[Doc. 1]

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254.

BACKGROUND

      In the Fresno County Superior Court, Petitioner was convicted in Case No. F07908053 of
possession of a controlled substance (Cal. Health & Saf. Code § 11377(a)).  In Case No.
F07909295 Petitioner was convicted of first degree burglary-nonparticipant present (Cal Penal
Code[1] §§ 240, 459, 460(a)).  In Case No. F08900941 Petitioner was convicted of residential
robbery (§ 211) while on bail or own recognizance release (§ 12022.1).  Petitioner was sentenced
to an aggregate term of nine years four months in state prison.

      Petitioner filed a notice of appeal to the California Court of Appeal, Fifth Appellate
District.  On October 14, 2009, the Court of Appeal affirmed the judgment.

///

---

[1] All further statutory references are to the California Penal Code unless otherwise indicated.

1    Petitioner filed a petition for review in the California Supreme Court.  The petition was

2    denied on December 23, 2009.

3    Petitioner filed the instant federal petition for writ of habeas corpus on June 17, 2010.

4    Respondent filed an answer to the petition on October 19, 2010.

5                                STATEMENT OF FACTS[2]

6    Case No. F07908053

7    Police stopped a vehicle [Petitioner] was driving after noticing the vehicle
     had paper license plates. [Petitioner] had in his possession a BB-gun, .06 grams of
8    a substance containing methamphetamine, and a glass smoking pipe.

9    Case No. F07909295

10   "AM" went to the apartment of his friend "MC," where he encountered a
     man, who identified himself as MC's brother-in-law.  The man left the apartment.
11   AM later met with MC, and told her that her brother-in-law had been at her
     apartment.  MC said she did not have a brother-in-law.  She went home and found
12   that various home electronics items, valued at $710, were missing.  Two days
     later, police made contact with [Petitioner], and found in his possession a video
13   recording and credit card belonging to MC.  AM went to where the police
     detained [Petitioner] and identified as the man he had seen in MC's apartment.
14
     Case No. F08900941
15
     "RF" approached Annette Husted, who was working as a prostitute, and
16   negotiated a price for sex.  They went to a motel and entered a room where
     [Petitioner] was sleeping on a bed.  [Petitioner] "demanded money for the sex act,
17   and removed [RF's] wallet." [Petitioner] then "displayed a handgun to RF and
     told him to go back to their vehicle because they were going to go get money."
18   [Petitioner] then "took Husted and [RF] to an ATM machine" where he "forced
     RF to remove $400 from his bank account."  The group then drove to another
19   ATM machine "where RF removed another $100." [Petitioner] then told RF that
     they would go to the country and 'take care of business,' . . ." The group then
20   drove to RF's residence, where RF placed two laptop computers and other items
     in a duffel bag and handed it over to [Petitioner].
21
     Procedural Background
22
     Pursuant to the plea agreement, various charges and enhancement
23   allegations were dismissed, including, in case no. F08900941, charges of
     kidnapping for the purpose of committing another crime (§ 209, subd. (b)(1)) and
24   first degree burglary with a non-participant present (§§ 459, 460, subd. (a), 667.5,
     subd. (c)(21)), and enhancement allegations that [Petitioner] used a firearm in
25

26

27   _____
     [2] The Court finds the Court of Appeal correctly summarized the facts in its October 14, 2009 opinion.
28   Thus, the Court adopts the factual recitations set forth by the California Court of Appeal, Fifth Appellate District,
     which was taken from the report of the probation officer.

                                          2

committing the kidnapping and the burglary (§ 12011.53), personally used a handgun in committing the burglary and committed the kidnapping and the burglary while free on bail or his own recognizance (§ 12022.1).

In sentencing [Petitioner], the court stated: "[T]hese are offenses for which [Petitioner] is presumptively ineligible for probation.  His failures to make court dates were not due to his health but because of his total inability to comply with the Court's directions and the Court's conditions of release.  He was released, committed new crimes, the Court released him again, and he continued, then, to commit crimes, including the most serious crime of all of his crimes, that being the robbery which started as a kidnap for robbery, a crime punishable by life in prison.  Based on his repeated commission of crimes while out of custody O.R. or on bail, based on his increasingly serious crimes, and based on his presumptive ineligibility for crimes while on probation, the Court finds he would not be a suitable candidate for probation . . . .  When one kidnaps a person with a weapon and takes them to an ATM to rob them, one has committed a life top crime, which the People dismissed in light of the plea, and I think in light of that, it's an important consideration.  I think I ought to consider the dismissed counts.  There were a number of crimes dismissed . . . in light of his pleas to the charges that are before me for sentencing.  Those are all properly considered as factors in aggravation.  He did use a weapon, the weapon having been dismissed as part of the plea agreement, but, nonetheless, the People's charge of that and dismissal of that is a factor for the Court to at least consider in imposing sentence.  But even independent of that, his conduct here is violent conduct which indicates a serious danger to society.  His sustained petitions in juvenile delinquency proceedings and violence as an adult are of increasing seriousness.  His prior performance on juvenile probation was unsatisfactory. . . . [H]e was on juvenile probation at the time of the commission of one of the crimes before me for sentencing today, which is also . . . another aggravating factor.  The Court in selecting its sentence will be choosing one of his crimes which could have run consecutive to the others, and we'll be imposing that concurrent rather than consecutive, that being another appropriate factor for the Court to consider in aggravation.

"I'm not aware of any mitigating factors in this case.  He was the leader in this case.  It was his determination to take the victim to another location, it was his use of a weapon that encouraged and resulted in his compliance.  He was the one that also had the other crimes and was out on bail or O.R.at the time of the commission of the offense. . . .  He's sentenced to the Department of Corrections for the six-year aggravated term for [the robbery in Case No. F08900941]. . . . [¶] . . . [¶] . . . The aggravated term is selected for the reasons previously stated . . . ."

After imposing sentence, the court asked, "Anything else."  Defense counsel responded, "No, Your Honor."

## DISCUSSION

A.   Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor,

529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Fresno County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.     Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary to" federal law if it "applies a rule that contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable from" a Supreme Court case, yet reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005) citing Williams (Terry) v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision will involve an "unreasonable application of" federal law only if it is "objectively unreasonable." Id., quoting Williams, 529 U.S. at 409-10; Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (*per curiam*). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision

applied clearly established federal law erroneously or incorrectly." <u>Lockyer</u>, at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." <u>Id.</u> (citations omitted).

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003). Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. <u>See</u> <u>Lambert v. Blodgett</u>, 393 F.3d 943, 976-77 (2004).

Courts further review the last reasoned state court opinion. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 979, 803 (1991). However, where the state court decided an issue on the merits but provided no reasoned decision, courts conduct "an independent review of the record . . . to determine whether the state court [was objectively unreasonable] in its application of controlling federal law." <u>Delgado v. Lewis</u>, 223 F.3d 976, 982 (9th Cir. 2000). "[A]lthough we independently review the record, we still defer to the state court's ultimate decisions." <u>Pirtle v. Morgan</u>, 313 F.3d 1160, 1167 (9th Cir. 2002).

C.     <u>Ineffective Assistance of Counsel</u>

Petitioner's sole ground for relief is that trial counsel was ineffective for failing to object to the court's improper use of the counts which had been dismissed pursuant to the <u>Harvey</u> waiver.

1.     <u>Exhaustion of State Court Remedies</u>

Respondent initially argues that Petitioner did not fairly present this claim to the California Supreme Court. Respondent claims that although Petitioner asserted there was deficient performance by trial counselor, he never fairly presented the ineffective assistance of counsel claim to the highest state court. The Court agrees.

Although Petitioner referenced the ineffective assistance counsel to the state appellate court as an independent claim, Petitioner referenced it only in passing in his petition for review to the California Supreme Court. This does not constitute a "full and fair" presentation so as to

1  satisfy the exhaustion requirement.

2  Nevertheless, the claim may be denied on the merits even though unexhausted.  28 U.S.C.

3  § 2254(d)(2).   For the reasons explained below, the claim is without merit and should be denied.

4  2.  Merits Analysis

5  The law governing ineffective assistance of counsel claims is clearly established for the

6  purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d).  Canales v. Roe,

7  151 F.3d 1226, 1229 (9th Cir. 1998).  In a petition for writ of habeas corpus alleging ineffective

8  assistance of counsel, the court must consider two factors.  Strickland v. Washington, 466 U.S.

9  668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).  First,

10  the petitioner must show that counsel's performance was deficient, requiring a showing that

11  counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by

12  the Sixth Amendment. Strickland, 466 U.S. at 687.  The petitioner must show that counsel's

13  representation fell below an objective standard of reasonableness, and must identify counsel's

14  alleged acts or omissions that were not the result of reasonable professional judgment

15  considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348

16  (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential.  A court

17  indulges a strong presumption that counsel's conduct falls within the wide range of reasonable

18  professional assistance.  Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v.

19  Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

20  Second, the petitioner must show that counsel's errors were so egregious as to deprive

21  defendant of a fair trial, one whose result is reliable.  Strickland, 466 U.S. at 688.  The court must

22  also evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's

23  ineffectiveness.  Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356,

24  1461 (9th Cir. 1994).  More precisely, petitioner must show that (1) his attorney's performance

25  was unreasonable under prevailing professional norms, and, unless prejudice is presumed, that

26  (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would

27  have been different.

28  ///

1      A court need not determine whether counsel's performance was deficient before

2  examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.

3  Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since it is necessary to prove

4  prejudice, any deficiency that does not result in prejudice must necessarily fail.

5      Ineffective assistance of counsel claims are analyzed under the "unreasonable

6  application" prong of Williams v. Taylor, 529 U.S. 362 (2000).  Weighall v. Middle, 215 F.3d

7  1058, 1062 (2000).

8      a.    Last Reasoned Decision of State Appellate Court

9  The California Court of Appeal found the claim to be without merit stating:

10      [A]ppellant contends the court erred in relying on the facts underlying counts dismissed pursuant to the plea agreement in imposing the upper term on

11  his robbery conviction.  He asserts that he entered his plea with the understanding that he would "'suffer no adverse sentencing consequences by reason of the facts

12  underlying, and solely pertaining to, the dismissed count[s],'" and that the court's reliance on such facts in imposing the upper term "subjected [appellant] to an

13  implied misadvisement about the consequences of his plea."  Appellant bases this argument on *People v. Harvey* (1979) 25 Cal.3d 754.

14

15      "In [*Harvey*] the Supreme Court held that, in imposing sentence under a plea bargain, the court may not consider evidence of any crime as to which

16  charges were dismissed as a "circumstance in aggravation" supporting the upper term on the remaining counts. [Citation.] The court deemed it 'improper and

17  unfair' to permit the sentencing court to consider any of the facts underlying dismissed counts because, absent an agreement to the contrary, a plea bargain

18  implicitly includes the understanding that the defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining

19  to, dismissed counts. [Citation.] ... [¶] To avoid the Harvey restriction, prosecutors often 'condition [] their plea bargains upon the defendant agreeing that the

20  sentencing court may consider the facts underlying the not-proved or dismissed counts when sentencing on the remainder.' [Citation] ... This agreement is known

21  as a 'Harvey waiver.' [Citation.] A Harvey waiver permits the sentencing court to consider the facts underlying dismissed counts and enhancements when

22  determining the appropriate disposition for the offense or offenses of which the defendant stands convicted." (*People v. Munoz* (2007) 155 Cal.App.4th 160, 166-167.)

23

24      As the parties do not dispute, the court cited as circumstances in aggravation appellant's conduct underlying the kidnapping charge and the

25  firearm-use enhancements that were dismissed pursuant to the plea agreement, even though appellant did not execute a Harvey waiver.  However, as the parties

26  also do not dispute, appellant did not object at sentencing to any of the circumstances in aggravation cited by the court.  Therefore, appellant has forfeited

27  his claim . . .

28      Appellant's claim is also barred under the sentencing error forfeiture rule of *People v. Scott* (1994) 9 Cal.4th 331.  In that case our Supreme Court held that

where there has been a meaningful opportunity to do so, a defendant who fails to object to a "trial court's failure to properly make or articulate its discretionary sentencing choices" cannot raise the claim for the first time on appeal. (*Id.* at p. 353.) . . . Here, appellant's attorney had the opportunity to assert a Harvey objection when, after the court imposed sentence, the court asked him if he had "[a]nything else" to raise. Neither appellant nor his counsel raised any objection.

In any event, the court's Harvey error was harmless. "When a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper." (*People v. Price* (1991) 1 Cal.4th 324, **492.)** Appellant argues the court's error cannot be considered harmless, given "the weight the trial court placed on the dismissed counts [and enhancements] ...." However, the trial court stated "independent" reasons for imposing the upper term: appellant engaged in violent conduct that indicates a serious danger to society (Cal. Rules of Court, rule 4.421(b)(1)); [N.3] his sustained petitions in juvenile delinquency proceedings were of increasing seriousness (rule 4.421(b)(2)); his prior performance on juvenile probation was unsatisfactory (rule 4.421(b)(5); and he was convicted of a crime for which a consecutive sentence could have been imposed but for which the court imposed a concurrent sentence (rule 4.421(a)(7)). Given these reasons, the validity of which appellant does not challenge, and the absence of circumstances in mitigation, it is not reasonably probable the court would have chosen a lesser sentence had it known that some of the reasons for selecting the upper term were improper.

[N.]3 All rules references are to the California Rules of Court.

(Lod. Doc. 4 at 5-8.)

With regard to Petitioner's claim of ineffective assistance of counsel, the Court of Appeal determined:

"The burden of proving ineffective assistance of counsel is on the defendant. [Citation.]" [Citation.] The defendant must show both deficient performance- - "that trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates," and prejudice- - " that it is reasonably probable a more favorable determination would have resulted in the absence of counsel's failings." [Citation.] However, "'there is no reason for a court deciding an ineffective assistance claim to ... address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.'" [Citation.]

As demonstrated above, it is not reasonably probable that the court would have imposed a less severe sentence had counsel raised a claim of <u>Harvey</u> error.

Therefore, appellant has not met his burden of demonstrating the prejudice required to establish ineffective assistance of counsel.

(Lod. Doc. 4 at 8.)

1     The state courts' determination of this issue was not contrary to, or an unreasonable

2  application of, clearly established Supreme Court precedent as set forth in <u>Strickland</u>.  Although

3  defense counsel did not object to the trial court's reliance on the dismissed charges, because the

4  trial court relied on factors other than the dismissed charges, any <u>Harvey</u> violation was harmless.

5  It is clear the trial court relied on independent factors, including: his sustained petitions in

6  juvenile proceedings which were of increasing seriousness; his prior unsatisfactory performance

7  on probation; and his prior conviction of a crime for which a consecutive sentence was

8  authorized but for which the court imposed a concurrent sentence.  (II RT 38-41.)  Given these

9  findings, there is not a reasonable probability that the outcome would have been different had

10  defense counsel objected to any <u>Harvey</u> violation.  Thus, Petitioner is not entitled to relief on this

11  claim and it must be denied.

12  <u>RECOMMENDATION</u>

13     Based on the foregoing, it is HEREBY RECOMMENDED that:

14     1.    The instant petition for writ of habeas corpus be denied; and

15     2.    The Clerk of Court be directed to enter judgment in favor of Respondent.

16     This Findings and Recommendation is submitted to the assigned United States District

17  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

18  Local Rules of Practice for the United States District Court, Eastern District of California.

19  Within thirty (30) days after being served with a copy, any party may file written objections with

20  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

21  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

22  and filed within fourteen (14) days after service of the objections.  The Court will then review the

23  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that

24  failure to file objections within the specified time may waive the right to appeal the District

25  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

26     IT IS SO ORDERED.

27  **Dated:**    **December 3, 2010**           **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

28